Leonida Ibe ABUAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72521.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Venu Alagh, Korenberg Abramowitz & Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Renate Staley Mattera, Mary B. Ruppert, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Leonida Ibe Abuan, a native and citizen of the Philippines, petitions for review of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's and BIA's decisions unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's and BIA's conclusion that Abuan is not eligible for asylum, because she failed to show that her difficulties were related to a protected ground. *See id.* at 481–82, 112 S.Ct. 812 (holding that past persecution or well-founded fear of persecution must be on account of a protected ground).

Because Abuan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Abuan also failed to establish a CAT claim because she did not show that it was more likely than not that she would be tortured if she returned to the Philippines. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**